**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Defendants-Appellants,**

v.

**UNION PACIFIC RAILROAD COMPANY, Plaintiff-Appellee,**
and
**Brotherhood of Locomotive Engineers, Intervenor-Appellee.**

**No. 22998.**

United States Court of Appeals, Ninth Circuit.

March 23, 1970.

Donald W. McEwen (argued), of Cake, Jaureguy, Hardy, Buttler & McEwen, Portland, Or., for appellant.

Randall B. Kester (argued), Walter Cosgrave, of Maguire, Kester & Cosgrave, Green, Richardson, Griswold & Murphy, Portland, Or., for appellee.

Harold Ross (argued), of Ross & Kraushaar, Cleveland, Ohio, for intervenor-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and WILKINS, District Judge*.

PER CURIAM:

Union Pacific Railroad brought this suit to enjoin the Brotherhood of Locomotive Firemen & Enginemen (BLF&E) from striking. BLF&E has taken this appeal from preliminary injunction issued by the District Court. The issue is whether the underlying controversy between the union and the railroad is a major or a minor dispute; if the dispute is a major one, the Norris LaGuardia Act, 29 U.S.C. §§ 101–107, protects the strike from a federal court's injunction.

* Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, sitting by designation.

By agreement in 1968 between Union Pacific and intervenor, Brotherhood of Locomotive Engineers (BLE), the work week of engineers was reduced to five days, and the manner in which extra engineering work was to be assigned under these new conditions was spelled out. BLF&E contends that this method is contrary to that formerly practiced and serves to reduce the opportunity of certain firemen (designated "demoted engineers" and members of BLF&E) to serve as engineers.

Before the District Court BLF&E contended that the railroad's new agreement with BLE was contrary to provisions of the BLF&E agreement. The District Court ruled that such a dispute would be resolved by construction of the BLF&E contract and thus was a minor dispute within the exclusive jurisdiction of the National Railroad Adjustment Board, and that injunction was proper.

Before this court BLF&E also contends that the railroad, by its agreement with BLE, has accomplished a change in working conditions of firemen and has refused to bargain with BLF&E respecting these changes; that the dispute thus is a major dispute which the District Court had no power to enjoin.

It is clear that the dispute involves either a construction of BLF&E's contract or a matter of work-assignment priorities and thus is either a minor dispute with the railroad, Elgin, Joliet & Eastern Ry. Co. v. Burley, 325 U.S. 711, 722–724, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), or a jurisdictional dispute, essentially with BLE, over which employees shall receive an assignment of certain work. Transportation-Communication Employees Union v. Union Pacific R.R. Co., 385 U.S. 157, 87 S.Ct., 369, 17 L.Ed.2d 264 (1966). Under either approach the resolution of the dispute is within the exclusive jurisdiction of the National Railroad Adjustment Board and injunction against strike was proper. Brotherhood of R.R. Trainmen v. Chicago River & Indiana R.R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957); Switchmen's Union, etc. v. Southern Pacific Co., 398 F.2d 443 (9th Cir. 1968).

The order of the District Court is affirmed.